# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | |
|---|---|
| **MICHAEL LEE,** Individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> **SHAW BUTANE, INC.,** <br><br> *Defendant.* | § Civil Action No. _____ <br> § <br> § <br> § **JURY TRIAL DEMANDED** <br> § <br> § <br> § **COLLECTIVE ACTION** <br> § **PURSUANT TO 29 U.S.C. § 216(b)** <br> § <br> § <br> § |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Michael Lee ("Lee") brings this action individually and on behalf of all current and former Delivery Drivers (hereinafter "Plaintiff and the Putative Class Members") who worked for Shaw Butane, Inc. ("Shaw") and were paid a straight hourly wage but no overtime from three years preceding the filing of the Original Complaint through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. §216(b). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I.
## OVERVIEW

1. This lawsuit includes a collective action pursuant to the FLSA, 29 U.S.C. §§ 201 *et. seq.*, to recover overtime wages and other applicable penalties.

2. Plaintiff and the Putative Class Members are those current and former Delivery Drivers who worked for Shaw, anywhere in the United States, at any time from October 20, 2018 through the final disposition of this matter, and were paid a straight hourly wage for all hours worked, but did not receive overtime for all hours worked over forty (40) in each workweek.

3. Although Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. The decision by Shaw not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

5. Shaw knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. Shaw misclassified Plaintiff and the Putative Class Members as exempt employees not entitled to overtime.

7. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

8. Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9. Plaintiff prays that all similarly situated Delivery Drivers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

10. Plaintiff Michael Lee ("Lee") worked for Shaw within the relevant time period. Plaintiff Lee did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

11. The Putative Class Members include those current and former Delivery Drivers who worked for Shaw, anywhere in the United States, at any time since October 20, 2018, and have been subjected to the same illegal pay system under which Plaintiff Lee worked and was paid.

12. Shaw Butane, Inc. ("Shaw") is a domestic for-profit company, licensed to and doing business in the State of Texas, and may be served through its registered agent for service, **J H Shaw, Rt. 1 Box 225, Groveton, Texas 75845.**

## III.
## JURISDICTION & VENUE

13. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq.*

14. This Court has specific personal jurisdiction over Shaw because the cause of action arose within this District as a direct result of Shaw's conduct within this District.

15. Venue is proper in the Eastern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

16. Specifically, Shaw's headquarters are located in Groveton, Texas and Plaintiff Lee worked in and around Woodville, Texas throughout his employment with Shaw, all of which are located within this District and Division.

17. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

---

[1] The written consent of Michael Lee is hereby attached as Exhibit A.

## IV.
## ADDITIONAL FACTS

18. Shaw provides propane gas delivery to residential and commercial clients throughout East Texas.[2]

19. As part of its services, Shaw employed numerous Delivery Drivers to help deliver propane to its customers throughout East Texas.

20. Shaw paid its Delivery Drivers a straight hourly wage for all hours worked but no overtime—including Plaintiff Lee and the individuals that make up the putative or potential class.

21. While exact job titles may differ, these workers were subjected to the same or similar illegal pay practices for similar work.

22. Plaintiff Lee worked exclusively for Shaw as a Delivery Driver in Woodville, Texas from January 2021 until July 2021.

23. Plaintiff and the Putative Class Members worked over forty (40) hours nearly every (if not every) workweek they performed services for Shaw.

24. Although it is well-known that blue-collar workers like Plaintiff and the Putative Class Members are not exempt from overtime, Shaw did not pay Plaintiff and the Putative Class Members the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

25. Plaintiff and the Putative Class Members' primary job duties included loading propane gas for delivery, transporting propane gas, and unloading propane gas.

26. Shaw improperly classified Plaintiff and the Putative Class Members as overtime exempt employees.

---

[2] http://www.shawbutane.com/services/residential-propane-services/.

27. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

28. Shaw denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice.

29. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

30. Shaw applied this pay practice despite clear and controlling law that states that Plaintiff and the Putative Class Members were entitled to overtime pay.

31. Accordingly, Shaw's pay policies and practices blatantly violated (and continue to violate) the FLSA.

## V.
## CAUSE OF ACTION

**A.      FLSA COVERAGE**

32. All previous paragraphs are incorporated as though fully set forth herein.

33. The FLSA Collective is defined as:

**ALL DELIVERY DRIVERS WHO WORKED FOR SHAW BUTANE, INC., ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM OCTOBER 20, 2018 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

34. At all times hereinafter mentioned, Shaw has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

35. At all times hereinafter mentioned, Shaw has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

36. At all times hereinafter mentioned, Shaw has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production

of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

37. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Shaw, these individuals provided services for Shaw that involved interstate commerce for purposes of the FLSA.

38. In performing the operations described hereinabove, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

39. Specifically, Plaintiff and the FLSA Collective Members are (or were) **_non-exempt_** employees who worked for Shaw and were engaged in commercial services that were directly essential to the providing of goods and services by Shaw to its customers. 29 U.S.C. § 203(j).

40. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

41. In violating the FLSA, Shaw acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

42. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 33.

43. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Shaw.

**B.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

44. All previous paragraphs are incorporated as though fully set forth herein.

45. Shaw violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates.

46. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Shaw's acts or omissions as described herein; though Shaw is in possession and control of necessary documents and information from which Plaintiff and the FLSA Collective Members would be able to precisely calculate damages.

47. Moreover, Shaw knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

48. Shaw knew or should have known its pay practices were in violation of the FLSA.

49. Shaw is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

50. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Shaw to pay overtime in accordance with the law.

51. The decision and practice by Shaw to not pay overtime was neither reasonable nor in good faith.

52. Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

### C. FLSA COLLECTIVE ACTION ALLEGATIONS

53. All previous paragraphs are incorporated as though fully set forth herein.

54. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff.

55. Other similarly situated employees have been victimized by Shaw's patterns, practices, and policies, which are in willful violation of the FLSA.

56. The FLSA Collective Members are defined in Paragraph 33.

57. Shaw's failure to pay any overtime compensation results from generally applicable policies and practices and does not depend on the personal circumstances of the individual FLSA Collective Members.

58. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

59. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

60. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

61. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

62. Indeed, the FLSA Collective Members are blue-collar workers entitled to overtime after forty (40) hours in a week.

63. Shaw has employed a substantial number of similarly situated Delivery Drivers since October 20, 2018.

64. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Shaw will retain the proceeds of its rampant violations.

65. Moreover, individual litigation would be unduly burdensome to the judicial system.

66. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

67. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 33 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

68. Plaintiff respectfully prays for judgment against Shaw as follows:

   a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 33 and requiring Shaw to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

   b. For an Order approving the form and content of a notice to be sent to all potential FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

   c. For an Order pursuant to Section 16(b) of the FLSA finding Shaw liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

   d. For an Order awarding the costs and expenses of this action;

   e. For an Order awarding attorneys' fees;

   f. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

  g. For an Order awarding Plaintiff Lee a service award as permitted by law;

  h. For an Order compelling the accounting of the books and records of Shaw, at Shaw's own expense;

  i. For an Order providing for injunctive relief prohibiting Shaw from engaging in future violations of the FLSA, and requiring Shaw to comply with such laws going forward; and

  j. For an Order granting such other and further relief as may be necessary and appropriate.

Date: October 20, 2021   Respectfully submitted,

        **ANDERSON ALEXANDER, PLLC**

    By: */s/ Clif Alexander*
      **Clif Alexander**
      State Bar No. 24064805
      clif@a2xlaw.com
      **Austin W. Anderson**
      State Bar No. 24045189
      austin@a2xlaw.com
      **Lauren E. Braddy**
      State Bar No. 24071993
      lauren@a2xlaw.com
      **Carter T. Hastings**
      State Bar No. 24101879
      carter@a2xlaw.com
      819 N. Upper Broadway
      Corpus Christi, Texas 78401
      Telephone: (361) 452-1279
      Facsimile: (361) 452-1284

      ***Attorneys in Charge for Plaintiff and the Putative Class Members***